# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIA GUTIERREZ CASTILLO,<br><br>                            Appellant,<br>v.<br>WELLS FARGO BANK, N.A., et al.,<br><br>                            Appellees. | Case No.: 16-cv-00365-H-JMA<br><br>**ORDER AFFIRMING BANKRUPTCY COURT** |

Appellant/Debtor Gregoria Gutierrez Castillo ("Appellant") appeals the bankruptcy court's February 3, 2016 order denying three of her motions. (Doc. No. 4-10 at 9–14.)[1] On March 18, 2016, Appellant filed an opening brief. (Doc. No. 4.) On April 6, 2016, Appellee/Creditor Wells Fargo ("Appellee") filed an amended response brief. (Doc. No. 11.) On April 8, 2016, Appellant filed a reply brief. (Doc. No. 13.) For the reasons below, the Court affirms the bankruptcy court's order.

## Background

On January 17, 2012, Appellant filed a petition for Chapter 7 bankruptcy. (Doc. No. 3-1 at 7.) The bankruptcy court granted discharge on April 11, 2012. (Id. at 29.) The case was closed on September 25, 2012. (Id. at 33.) In Appellant's bankruptcy schedules, she listed a fee simple interest in property encumbered by two liens in favor of JP Morgan Chase. (Id. at 32.) Appellee is the successor in interest to the liens. (Id. at 33.) On June 7, 2013, Appellee filed a state court complaint against a number of defendants, including

---

[1] Unless otherwise noted, all docket citations are to Case No. 15-cv-365.

Appellant, seeking quiet title, to impress an equitable lien, judicial foreclosure, cancellation of deed, and declaratory relief. (Doc. No. 11-2 at 151.) In the prayer, Appellee included a deficiency judgment against Appellant as a remedy. (Id. at 161.)

On June 8, 2015, Appellant filed a motion to reopen her bankruptcy case for the purpose of challenging the portion of the state court complaint prayer for relief that sought a deficiency judgment, which, she alleged, violated her bankruptcy discharge. (Doc. No. 4-4 at 1-2, 7.) Appellant then filed numerous motions. (Doc. Nos. 1; 4-4 at 9, 27; 4-7 at 1; 11-2 at 8, 17; 11-5 at 103; 11-6 at 291.) In total, the bankruptcy court issued five orders addressing her motions. (Doc. No. 4-10 at 11.) On October 6, 2015, the bankruptcy court declined to order Appellee to show cause for why it should not be held in contempt. (Doc. No. 3-1 at 40.) The bankruptcy court held a hearing on November 10, 2015 to determine what damages Appellant suffered due to the alleged violation of the discharge. (Doc. No. 11-5 at 17–98.) On December 4, 2015, the bankruptcy court issued an order concluding that Appellee's prayer for a deficiency judgment in its state court complaint violated Appellant's discharge injunction. (Doc. No. 11-5 at 168.) But the bankruptcy court declined to impose monetary sanctions for the violation because Appellant was unable to demonstrate damages arising from the prayer for a deficiency judgment, as she needed to defend the remainder of the state court complaint. (Id. at 167–69.) On January 12, 2016, the bankruptcy court quashed subpoenas that Appellant issued against Appellee's corporate officers requiring them to appear at a hearing on her reconsideration motions. (Doc. No. 11-6 at 63.) On January 26, 2016, the bankruptcy court denied Appellant's motion for reconsideration of her motions to impose sanctions and hold Appellee in contempt. (Id. at 247.)

This appeal concerns the bankruptcy court's February 3, 2016 order denying three of Appellant's motions: (1) a motion for sanctions to be imposed on the attorney who filed the state action and testified at the evidentiary hearing; (2) a motion to strike pleadings; and (3) a motion compelling Appellee to file an amended complaint in the state court action. (Doc. Nos. 4-9 at 1; 4-10 at 9–14; 11-6 at 24, 260.)

**Discussion**

**I.     Legal Standards**

A district court reviews a bankruptcy judge's decision by applying the same standard of review used by circuit courts when reviewing district court decisions. See In re Greene, 583 F.3d 614, 618 (9th Cir. 2009); In re Baroff, 105 F.3d 439, 441 (9th Cir. 1997). "The bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo." In re JTS Corp., 617 F.3d 1102, 1109 (9th Cir. 2010) (quotation marks omitted). The district court must accept the bankruptcy court's factual findings "unless these findings leave the definite and firm conviction that a mistake has been committed by the bankruptcy judge." In re Straightline Investments, Inc., 525 F. 3d 870, 876 (9th Cir. 2008). "Mixed questions of law and fact are reviewed de novo." In re JTS, 617 F.3d at 1109. A mixed question of law and fact occurs when the facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule. See In re Bammer, 131 F.3d 788, 792 (9th Cir. 1997). When sitting as an appellate court in bankruptcy, the district court need not adopt the bankruptcy court's rationale and may affirm on any basis supported by the record. See In re Frontier Properties, Inc., 979 F.2d 1358, 1364 (9th Cir. 1992).

A debtor may be entitled to recover damages for a violation of a discharge injunction pursuant to the contempt power under 11 U.S.C. § 105(a). See Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 507 (9th Cir. 2002). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." In re Dyer, 322 F. 3d 1178, 1190–91 (9th Cir. 2003). A district court reviews a bankruptcy court's decision regarding sanctions for abuse of discretion. See In re Snowden, 769 F.3d 651, 657 (9th Cir. 2014); In re Icenhower, 755 F.3d 1130, 1138 (9th Cir. 2014). "A bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct legal standard, or if its fact findings are illogical, implausible or not supported by evidence in the record." In re City of Stockton, California, 542 B.R. 261, 272 (B.A.P.

9th Cir. 2015).

"The bankruptcy court's witness credibility findings are entitled to special deference, and are also reviewed for clear error." In re Weinberg, 410 B.R. 19, 28 (B.A.P. 9th Cir. 2009). Under Federal Rule of Evidence 103, in order to preserve an objection for appeal, the objection must be timely. Failure to make an objection before the trial court constitutes a waiver. See Torres v. Johnson Lines, 932 F.2d 748, 752 (9th Cir. 1991).

In bankruptcy proceedings, a motion for reconsideration is made under Federal Rule of Bankruptcy Procedure 9023, which provides that a "motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Reconsideration will only be granted if the bankruptcy court "(1) is presented with newly discovered evidence that was not available at the time of the original hearing, (2) committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." In re Fadel, 492 B.R. 1, 18 (B.A.P. 9th Cir. 2013). "A bankruptcy court's denial of a motion for reconsideration is reviewed for abuse of discretion." In re Onecast Media, Inc., 439 F.3d 558, 561 (9th Cir. 2006).

Federal Rule of Bankruptcy Procedure 9024 provides relief from a judgment or order, incorporating Federal Rule of Civil Procedure 60(b). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Use of Rule 60(b)(6) "should be limited only to exceptional or extraordinary circumstances, and the moving party bears the burden of establishing the existence of such circumstances." In re Negrete, 183 B.R. 195, 197 (B.A.P. 9th Cir. 1995). Motions under Rule 60 "which merely revisit the same issues already ruled upon by the trial court, or which advance supporting facts that were otherwise available when the issues were originally briefed, will generally not be granted." Id. A bankruptcy court's denial of a motion to grant relief from judgment is reviewed for an abuse of discretion. See In re Williams, 287 B.R. 787, 791 (B.A.P. 9th Cir. 2002).

Subject matter jurisdiction of the bankruptcy court is created and limited by statute. See In re Courtyard, 729 F.3d 1279, 1284 (9th Cir. 2013). Bankruptcy courts have jurisdiction over proceedings arising under Title 11. 28 U.S.C. § 1334(b). A bankruptcy court has jurisdiction over a proceeding "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [if it] in any way impacts upon the handling and administration of the bankrupt estate." In re Pegasus Gold Corp., 394 F.3d 1189, 1193 (9th Cir. 2005) (citations omitted). "A bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor in personam—while leaving intact another—namely, an action against the debtor in rem." Johnson v. Home State Bank, 501 U.S. 78, 84 (1991).

**II.   Analysis**

Appellant challenges the bankruptcy court's February 3, 2016 order denying her motions to sanction Appellee's attorney, to strike pleadings, and to compel Appellee to file an amended state court complaint.

**A.   Motion to Sanction Appellee's Attorney**

Appellant appeals the denial of her motion to sanction or hold in contempt the attorney who represented Appellee in the state court action for her testimony at a bankruptcy court evidentiary hearing. (Doc. No. 3 at 18.) The bankruptcy court held an evidentiary hearing on November 10, 2015 to determine what damages, if any, Appellant suffered due to a violation of Appellant's discharge through the prayer for a state court

deficiency judgment. (Doc. No. 11-5 at 17–98.) At the hearing, Appellee's attorney provided testimony on behalf of Appellee as its attorney in the state court action. (Id. at 27.) On December 4, 2015, the bankruptcy court declined to sanction Appellee because Appellant "failed to show proximate cause between the discharge violation and any damages claimed." (Id. at 169.) Appellant argues that, on reconsideration of the bankruptcy court's December 4, 2015 order, the bankruptcy court should have sanctioned Appellee's attorney for her testimony because she was not a corporate officer or manager for Appellee and had insufficient knowledge of the facts. (Doc. No. 3 at 10.)

First, Appellant argues that Appellee's attorney should be sanctioned because she is not an officer of Appellee. (Doc. No. 3 at 19.) Appellant contends that the bankruptcy court ordered Appellee's officers to show cause at the November 10, 2015 evidentiary hearing. (Id. at 18.) However, the bankruptcy court expressly declined to order Appellee to show cause, stating "an order to show cause is not appropriate because Wells Fargo has appeared in this proceeding and responded to Debtor's allegations sufficient for the Court to address the merits." (Doc. No. 3-1 at 40.) The record lacks any order by the bankruptcy court ordering the officers to testify at the hearing. Additionally, on January 12, 2016, the bankruptcy court quashed Appellant's subpoenas of the officers. (Doc. No. 11-6 at 64.) Therefore, the bankruptcy court in its discretion appropriately declined to sanction Appellee's attorney by applying the correct law to facts supported by the record. See In re City of Stockton, 542 B.R. at 272; In re Snowden, 769 F.3d at 657.

Next, Appellant argues that Appellee's attorney had insufficient knowledge of the facts to testify, a violation under Federal Rule of Evidence 602. (Doc. No. 3 at 18.) But at the evidentiary hearing, Appellant did not object to Appellee's attorney's testimony on the grounds that she lacked personal knowledge under Federal Rule of Evidence 602. (Doc. No. 11-5 at 17–98.) Therefore, Appellant waived this objection. See Torres, 932 F.2d at 752. In addition to her testimony, Appellee's attorney also submitted a declaration, to which Appellant objected. (Doc. No. 11-4 at 281–83.) However, Appellant did not invoke Rule 602 and instead objected on the grounds that Appellee's attorney made false

statements. (Id.) The bankruptcy court stated that Appellee's attorney's testimony was "credible," and the bankruptcy court's determination of witness credibility is discretionary. (Doc. No. 11-5 at 166.) See In re Weinberg, 410 B.R. at 28. The bankruptcy court appropriately exercised its discretion in considering Appellee's attorney's testimony. See id.

Lastly, Appellant argues that the bankruptcy court should have reconsidered its December 4, 2015 order denying Appellant damages for Appellee's violation of the discharge. (Doc. No. 11-5 at 287.) A bankruptcy court's denial of reconsideration is discretionary. See In re Onecase Media, 439 F.3d at 561. Courts will only grant reconsideration to address new facts or law or clear error in an initial order. See In re Fadel, 492 B.R. at 18. Appellant did not introduce any new facts or law. The bankruptcy court had already considered the same facts four times prior to its February 3, 2016 order. (Doc. No. 4-10 at 10–11.) Additionally, the bankruptcy court correctly concluded that its December 4, 2015 order had no clear error. (Id. at 13.) Therefore, by denying Appellant's motion for reconsideration, the bankruptcy court appropriately exercised its discretion. In re Onecast Media, 439 F.3d at 561.[2]

The Court further considers Appellant's motion as one for relief under Bankruptcy Rule 9024, incorporating Federal Rule of Civil Procedure 60(b). See In re Negrete, 183 B.R. at 197. Appellant does not assert specific grounds for relief under Rule 60(b), so the Court addresses the issue under Rule 60(b)(6), which provides for relief under extraordinary circumstances. Id. Appellant has not demonstrated extraordinary circumstances in this case. The bankruptcy court's denial of the motion under Rule 60(b) was an appropriate exercise of discretion. See In re City of Stockton, 542 B.R. at 272; In re Williams, 287 B.R. at 791.

/ / /

---

[2] A motion for reconsideration under Federal Rule of Bankruptcy Procedure 9023 must be filed within fourteen days of the initial judgment. Because the bankruptcy court's exercise of discretion was appropriate, the Court need not address the timeliness of Appellant's motion.

The bankruptcy court considered all of the circumstances and, exercising its sound discretion, decided not to impose sanctions. (Doc. Nos. 4-10 at 12; 11-5 at 167-69.) See In re Dyer, 322 F. 3d at 1190–91; Walls, 276 F.3d at 507. Accordingly, the Court affirms the bankruptcy court's order denying Appellant's motion to sanction Appellee's attorney.

### B. Motion to Strike Pleadings

Appellant appeals the denial of her motion to strike pleadings filed by Dillon, Gerardi, Hershberger, Miller and Ahuja, LLP. (Doc. No. 3 at 7–9, 15–18.) Parker, Ibrahim and Berg, LLC initially represented Appellee. (Doc. No. 11-2 at 46.) On September 30, 2015, John Hershberger and Sunjina Ahuja filed a notice of association of counsel. (Doc. No. 4-9 at 37–38.) John Sorich and Sheri Kanesaka filed a notice of withdrawal on behalf of Parker, Ibrahim and Berg on November 25, 2015. (Id. at 40–41.) Appellant argues Hershberger and Ahuja were not properly substituted as Appellee's attorneys. (Doc. No. 3 at 8.)

Local Bankruptcy Rule 9010-5 states substitution of attorneys is governed by the Local Civil Rules of Practice for the United States District Court for the Southern District of California. Civil Local Rule 83.3(f)(2) provides:

> When an attorney of record for any person ceases to act for a party, such party must appear in person or appoint another attorney by a written substitution of attorney signed by the party, the attorney ceasing to act, and the newly appointed attorney, or by a written designation filed in the case and served upon the attorney ceasing to act.

Hershberger and Ahuja filed the notice of association prior to Sorich and Kanesaka's withdrawal, thus associating as co-counsel rather than substituting. (Doc. No. 4-9 at 37.) Hershberger and Ahuja also met the substitution requirements from Rule 83.3(f)(2) by written designation through the notice of association of counsel. (Id.) The written designation made Hershberger and Ahuja Appellee's attorneys of record, so the pleadings were filed by the attorneys of record. See Civ. L.R. 83.3(f)(2). Therefore, the Court affirms the bankruptcy court's denial of Appellant's motion to strike pleadings.

///

### C.     Motion to Compel Appellee to File Amended State Court Complaint

Appellant appeals the denial of her motion to compel Appellee to file an amended complaint in its state court action. (Doc. No. 3 at 11–14, 20–28.) On August 4, 2015, Appellant moved for contempt and sanctions against Appellee for violation of the discharge. (Case No. 12-00520-MM7, ECF 66.) On October 23, 2015, the bankruptcy court ruled that Appellant must demonstrate damages caused by the discharge violation in order to obtain sanctions. (Doc. No. 3-1 at 40; Doc. No. 11-3 at 257, 259.) On November 20, 2015, Appellant moved for re-argument of her motion for sanctions. (Doc. No. 11-5 at 109.) Appellant did not request that the bankruptcy court require Appellee to amend its state court complaint in either motion. On December 4, 2015, the bankruptcy court ordered Appellee to dismiss its deficiency judgment prayer from its state court action. (Doc. No. 4-7 at 16.) Appellee complied with the order by dismissing the deficiency judgment prayer from its state court complaint on December 10, 2015. (Doc. No. 11-5 at 201–03.) On January 26, 2016, in the motion that was the subject of the bankruptcy court's February 3, 2016 order, Appellant requested that the bankruptcy court reconsider its order requiring Appellee to strike its deficiency claim and instead issue an order requiring Appellee to file an amended complaint. (Doc. No. 11-6 at 260–69.)

The bankruptcy court's decision to deny Appellant's motion for reconsideration was discretionary. See In re Onecast Media, 439 F.3d at 561. A bankruptcy court will only grant reconsideration to address new facts or law or clear error in an initial order. See In re Fadel, 492 B.R. at 18. The facts had already been addressed four times in the bankruptcy court's prior orders. (Doc. No. 4-10 at 11.) The only arguably new fact at the time Appellant filed her motion was that Appellee had already complied with the bankruptcy court's order and removed its deficiency judgment prayer from its state court complaint. (Doc. No. 11-5 at 201–03.) Further, there is no clear error in the initial December 4, 2015 order because it was in the bankruptcy court's discretion to select the mechanism through which Appellee could remove its deficiency judgment prayer from its state court complaint. See In re City of Stockton, 542 B.R. at 272. Therefore, the Court concludes that the

bankruptcy court appropriately exercised its discretion to deny the motion for reconsideration.[3]

Appellant also invoked Federal Rule of Civil Procedure 60(b)(3) and (b)(6) as grounds for the bankruptcy court to grant relief from its prior order. (Doc. No. 3 at 24.) Subsection (3) provides for relief from judgment in instances of fraud, and subsection (6) applies in extraordinary circumstances. See Fed. R. Civ. P. 60(b); In re Negrete, 183 B.R. at 197. The bankruptcy court in its discretion concluded that Appellant failed to demonstrate fraud or extraordinary circumstances. (Doc. No. 4-10 at 14.) This exercise of discretion was appropriate because the bankruptcy court applied the correct legal standards to facts supported by the record. See In re City of Stockton, 542 B.R. at 272; In re Williams, 287 B.R. at 791. Thus, the Court affirms the bankruptcy court's decision to deny Appellant's motion under Rule 60(b).

Additionally, the bankruptcy court was correct in concluding that it does not have subject matter jurisdiction over the foreclosure claims in the state court action. (Doc. No. 4-10 at 14.) The bankruptcy court has jurisdiction if its judgment would impact the debtor's rights and the administration of the bankrupt estate. See In re Pegasus Gold, 394 F.3d at 1193. A discharge injunction only extinguishes in personam claims against the debtor, leaving in rem claims intact. See Johnson, 501 U.S. at 84.

Appellee's dismissal of its deficiency judgment prayer satisfied the bankruptcy court's December 4, 2015 order. (Doc. Nos. 4-7 at 16; 11-5 at 201–03.) The remaining state court action is a proper in rem action regarding the foreclosure of Appellant's house and does not impact the discharge or Appellant's bankruptcy case. See In re Pegasus Gold, 394 F.3d at 1193. Without the deficiency judgment prayer, the remaining action involved only state court matters. The bankruptcy court was correct that it lacked jurisdiction over the state court action. Id. The bankruptcy court declined to intervene out of "respect for

---

[3] A motion for reconsideration under Federal Rule of Bankruptcy Procedure 9023 must be filed within fourteen days of the initial judgment. Because the bankruptcy court's exercise of discretion was appropriate, the Court need not address the timeliness of Appellant's motion.

the state courts." (Doc. No. 4-10 at 14.) As a result, the Court affirms the bankruptcy court's order denying Appellant's motion to compel Appellee to file an amended state court complaint.[4]

### Conclusion

The Court affirms the bankruptcy court's order of February 3, 2016. The Court directs the Clerk of Court to close the case.

**IT IS SO ORDERED.**

DATED: July 25, 2016

                                                */s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[4] Appellee also argues that the Court does not have jurisdiction to review the bankruptcy court's February 3, 2016 order because the order did not consist of a final decision. (Doc. No. 11 at 27.) Because the Court affirms the bankruptcy court order in its entirety, the Court need not decide whether an order following a final decision on collateral matters constitutes an additional final decision.